■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS BOUTUREIRA, Appellant.—Judgment, Supreme Court, New York County, rendered on May 12, 1978, and order of said court, entered on June 22, 1978, affirmed. Concur—Murphy, P. J., Lupiano and Fein, JJ.

Sandler and Sullivan, JJ., dissent in the following memorandum by Sullivan, J.: At the time of his plea to the indictment, which charged burglary in the third degree and petit larceny, defendant was given an unconditional promise of a sentence of 60 days' imprisonment, coupled with a term of probation of 4 years and 10 months. (Penal Law, § 60.01, subd 2.) In making the promise, the plea-taking court was aware of the pendency of another indictment charging defendant with manslaughter in the first degree and other offenses in an unrelated matter, involving a well-publicized incident in Washington Square. At defendant's request, sentence was adjourned until after the disposition of the Washington Square case. The People objected to both the sentence promise and the adjournment of sentence pending disposition of the other case. Thereafter, defendant was

found guilty of assault in the first degree in the Washington Square case. In the intervening time the Justice before whom this plea had been negotiated had retired and the assignment of sentencing the defendant in this case was referred to the Justice who presided over his trial and sentence in the Washington Square case. The sentence here was imposed just two hours after defendant had been sentenced to an indeterminate term of 3⅓ years to 10 years in the Washington Square case. The sentencing court informed defendant that the sentence promised by the plea-taking court was inappropriate in light of the fact that he had just been sentenced, as noted herein, in the Washington Square case and that it intended to impose a minimum State prison sentence to run concurrently with the previously imposed sentence. Defendant was given the opportunity to withdraw his guilty plea and to stand trial but rejected the offer. In sentencing defendant to an indeterminate term of three years maximum, the court stated as follows: "The Defendant, at the time of this burglary, was on bail in the manslaughter charge, which just resulted in a conviction. That aggravates and compounds the offense. A sixty day sentence I do not believe, deals adequately with the crime that was committed by the Defendant". A subsequent motion to set the sentence aside was denied after an evidentiary hearing. On appeal, the People argue that, by virtue of the sentence imposed just two hours earlier, the sentencing court could not legally carry out the plea-taking court's sentence promise, inasmuch as probation may not be imposed where a previously imposed undischarged indeterminate sentence has more than one year to run. (Penal Law, § 65.00, subd 1, par [b].) Quite obviously, this argument is sheer afterthought. From its remarks, it is clear that the sentencing court never considered that section in finding a probationary sentence inappropriate. Moreover, the bar of section 65.00 (subd 1, par [b]) could have been avoided and the letter and spirit of the promised sentence carried out by imposing a definite sentence of 60 days, the execution of which, in any event, would have been aborted by the sentence previously imposed that day. (Penal Law, § 70.35.) Actually, because of the concurrence of sentences, the court imposed no greater punishment in sentencing defendant to an indeterminate term of three years. Yet, concededly, the court was swayed by the conviction and sentence in the Washington Square case. All that was accomplished was the assurance, assuming an affirmance here, that defendant would serve a State prison sentence in the event that the Washington Square sentence was not upheld. This is not a valid consideration. (It is also a fact that, under the present New York sentencing provisions, defendant would qualify as a persistent felony offender on any subsequent felony conviction, if both sentences are upheld.) A defendant is a persistent felony offender if he has been convicted of two felonies and has received felony time on his predicate felonies. (Penal Law, § 70.10, subd 1, par [c].) While a sentencing court may refuse to impose a promised sentence on the ascertainment of "subsequent information" (People v Selikoff, 35 NY2d 227, 240), the only additional information here was the conviction and sentence in the Washington Square case. But the same sentencing court had, presumably, dealt adequately and appropriately with defendant in that case, that very morning. That defendant was on bail in the Washington Square case at the time of the commission of the crime herein was known to the plea-taking court. There was no legally justifiable reason for the sentencing court not to honor the plea-taking court's promise. That promise was not redeemed by the grant of leave to defendant to withdraw his plea and stand trial. Defendant was entitled to his plea bargain. Accordingly, the order appealed should be reversed, and the motion to vacate the judgment

granted to the extent of reducing defendant's sentence to 60 days. In that manner the sentence would be "conformed to the promised sentence as nearly as practicable." *(People v Bogan,* 63 AD2d 582.)